IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3185-D

ROBERT LEE SIMMONS,                )
                                   )
            Plaintiff,             )
                                   )
       v.                          )       **ORDER**
                                   )
JAMES SALMON, et al.,              )
                                   )
            Defendants.            )

On June 16, 2023, Robert Lee Simmons ("Simmons" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action [D.E. 1, 2, 5]. Simmons alleges that James Salmon ("Salmon" or "defendant") sexually assaulted him while Simmons was incarcerated at Nash Correctional Institution. See Compl. at 6–7; Order [D.E. 6] at 2–3. At the time, Salmon was a correctional officer. See Compl. at 6–7. On January 5, 2024, Salmon answered the complaint [D.E. 13]. On January 11, 2024, Magistrate Judge Jones entered a scheduling order providing deadlines for conducting discovery and filing motions, and the court sent Salmon a copy of the order. See [D.E. 14].

Simmons served discovery requests and requests for admission on Salmon, who did not respond to the requests. See [D.E. 25-1] 1–2. Simmons's counsel warned Salmon of several possible consequences for his failure to respond to the discovery requests. See [D.E. 25-1] 16. After discovery closed, Simmons moved for entry of default against Salmon based on his failure to defend. See [D.E. 25]; Fed. R. Civ. P. 55(a). The court served the motion on Salmon, who did not timely respond. See [D.E. 27]. Thus, on November 28, 2024, the clerk entered default against

Salmon. See [D.E. 28, 29].[1] Proceeding both pro se and through counsel, Simmons moves for default judgment against Salmon. See [D.E. 31, 35]. Counsel for Simmons served the motion on Salmon, who did not respond. See [D.E. 35] 4.

On November 18, 2024, the court referred the action to Magistrate Judge Jones to conduct an evidentiary hearing on damages and sent a copy of the order to Salmon. See [D.E. 28]. On April 8, 2025, Magistrate Judge Jones set the hearing for May 5, 2025, and sent Salmon a copy of the order. See [D.E. 37]. Magistrate Judge Jones conducted the hearing as scheduled, but Salmon did not appear. See [D.E. 41, 42].

On May 21, 2025, Magistrate Judge Jones issued a comprehensive memorandum and recommendation ("M&R") [D.E. 42]. In that M&R, Magistrate Judge Jones recommended that the court enter default judgment against Salmon, and award Simmons $15,000 in compensatory damages. See id. Salmon objected to the M&R [D.E. 43], and Simmons (through counsel) replied [D.E. 44]. As explained below, the court overrules the objections and enters judgment against Salmon.

---

[1] "To be sure, the typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer. Nonetheless, a district court is also empowered to enter a default against a defendant that has failed to otherwise defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011)(cleaned up); see Fed. R. Civ. P. 55(a) (a court may enter default against a defendant who "has failed to . . . otherwise defend"); Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 (3d Cir. 1992), abrogation on other grounds recognized by White v. Samsung Elecs. Am., Inc., 61 F.4th 334, 338 (3d Cir. 2023); Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Sines v. Kessler, No. 3:17-CV-72, 2021 WL 2309968, at *3 (W.D. Va. June 7, 2021) (unpublished), report and recommendation adopted, 2021 WL 4504689 (W.D. Va. Sept. 30, 2021) (unpublished); Liberty Mut. Ins. Co. v. Fleet Force, Inc., No. CV-9-773, 2013 WL 3357167, at *9 (N.D. Ala. July 1, 2013) (unpublished).

2

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Salmon argues that he "did not receive timely notice of the [May 5] hearing[]" because his "mother, who regularly handles incoming mail, mistakenly failed to notify him of the court date until after it had passed." [D.E. 43] 1. Because Salmon filed an answer to the complaint he was entitled to receive "written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2); see United States v. Smith, 212 F.R.D. 480, 481 (M.D.N.C. 2002); cf. Loeschen v. Shrom, No. 7:18-CV-429, 2020 WL 4228311, at *1 & n.2 (W.D. Va. July 23, 2020) (unpublished). Simmons and the court provided Salmon with adequate notice of the proceedings in this case, including the May 5 evidentiary hearing. See, e.g., Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 771 (6th Cir. 2019); Atl. Recording Corp. v. Carter, 508 F. Supp. 2d 1019, 1022 n.1 (S.D. Ala. 2007). Thus, the court overrules Salmon's objection about notice.

Next, Salmon objects to the sufficiency of the evidence against him. See [D.E. 41] 2. Judge Jones conducted an evidentiary hearing and heard evidence on each element of Simmons's claim. See M&R at 12–16, 18–20. Salmon's conduct during this litigation and the evidence produced during the evidentiary hearing doom his objection to the sufficiency of the evidence. See, e.g., Prime Rate, 930 F.3d at 772; Mickalis Pawn Shop, 645 F.3d at 137; H&E Equip. Servs.,

3

Inc. v. Oak City Contracting, LLC, No. 5:19-CV-361, 2020 WL 1490710, at *2 (E.D.N.C. Mar. 25, 2020) (unpublished), amended, 2020 WL 13580618 (E.D.N.C. Apr. 29, 2020) (unpublished). Moreover, the court has independently reviewed the record and finds that Simmons is entitled to the relief he seeks. See, e.g., Sines, 2021 WL 2309968, at *4; cf. Anselme v. Griffin, No. 3:20-CV-5, 2023 WL 1930005, at *3–4 (W.D. Va. Feb. 10, 2023) (unpublished).

The court construes Salmon's pro se response to the M&R as a motion to set aside entry of default. See, e.g., Fed. R. Civ. P. 55(c); United States v. Starling, 76 F.4th 92, 98 (2d Cir. 2023); Mason v. Lewis Contracting Servs., LLC, No. 3:18-CV-95, 2020 WL 1931982, at *2 n.1 (W.D. Va. Apr. 21, 2020) (unpublished); cf. Elijah v. Dunbar, 66 F.4th 454, 461 (4th Cir. 2023); Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022). The court has the discretion to set aside entry of default "for good cause." Fed. R. Civ. P. 55(c); see Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010); Payne ex rel. Est. of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006). The court considers "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne, 439 F.3d at 204–05; see Colleton, 616 F.3d at 417; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987). The court evaluates these factors in light of the "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton, 616 F.3d at 417; see Mickalis Pawn Shop, 645 F.3d at 129. The court also considers Salmon's pro se status. See Starling, 76 F.4th at 99; Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Salmon asserts that he "believed the case had been dropped[]" based on "correspondence from an attorney formerly representing the plaintiff[.]" [D.E. 43] 1. Moreover, Salmon questions

4

whether the assault could have occurred as Simmons alleges given that it occurred in an office "with frequent foot traffic and visibility[]" and notes that Simmons did not produce any medical evidence. Id. at 2. Furthermore, Salmon contends that Simmons did not follow reporting procedures for a Prison Rape Elimination Act complaint, "did not initially mention" Salmon when he did report the assault, and that a similar "alleged sexual assault was reviewed and ultimately dropped by authorities due to insufficient evidence." Id.

Salmon's assertions collide with Judge Jones's detailed findings of fact. See M&R 3–9. Salmon fails to explain adequately "his general failure to defend this action." 3D Designs, Inc. v. Mitchell, No. 4:20-CV-3063, 2021 WL 3023255, at *2 (D. Neb. July 16, 2021) (unpublished); see Mid-Am. Apartment Communities, Inc. v. Philipson, No. 24-6082, 2025 WL 1780456, at *2 (6th Cir. June 9, 2025) (unpublished). Moreover, Salmon has not articulated a legally cognizable defense, and his inaction over 17 months to participate in the litigation is not excusable. See S.E.C. v. Setteducate, 419 F. App'x 23, 25 (2d Cir. 2011) (unpublished); 3D Designs, 2021 WL 3023255, at *2. In light of the record, the court denies Salmon's motion to set aside the entry of default. Salmon may appeal this order to the United States Court of Appeals for the Fourth Circuit. See Stelly v. Duriso, 982 F.3d 403, 407 (5th Cir. 2020).

II.

In sum, the court DENIES defendant's motion to set aside entry of default, and OVERRULES his objections to the M&R [D.E. 43]. The court ADOPTS the conclusions in the M&R [D.E. 42], GRANTS plaintiff's motion for default judgment [D.E. 31, 35], and DIRECTS the clerk to enter judgment against defendant in favor of plaintiff in the amount of $15,000. The clerk shall close the case and send defendant a form notice of appeal together with a copy of this order.

5

SO ORDERED. This 14 day of August, 2025.

                                              JAMES C. DEVER III
                                              United States District Judge